# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN PORT | ) | CIVIL ACTION-LAW |
| | ) | |
| Plaintiff | ) | NO: |
| vs | ) | |
| | ) | |
| AMERICAN CREDIT & COLLECTIONS, LLC D/B/A ACC D/B/A ACC, LLC | ) ) ) | COMPLAINT |
| | ) | ELECTRONICALLY FILED |
| Defendants | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant American Credit & Collections, LLC d/b/a ACC d/b/a ACC, LLC violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. **PARTIES**

4. Plaintiff, Joan Port, is an adult individual currently residing in Mayfield, Pennsylvania.

5. Defendant, American Credit & Collections, LLC d/b/a ACC d/b/a ACC, LLC (at times "Defendant" and "ACC") is a Pennsylvania limited liability company, regularly engaged in business of collecting debts in this Commonwealth with an address of 921 Oak Street, Scranton, Pennsylvania 18508.

6. American Credit & Collections, LLC does business as ACC and ACC, LLC.

7. The principal purpose of ACC is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. ACC regularly engages in the collection of consumer debts using the mails and telephone alleged to be due another.

9. ACC is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6) and 1692j.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692(a)3 of the FDCPA.

## IV. FACTUAL ALLEGATIONS

11. On or about July 24, 2010, ACC began attempting to collect an alleged debt from the Plaintiff which arose out of transactions which was incurred primarily for personal, family or household purposes ("Debt").

12. On or about July 24, 2010, ACC wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (the "7/24/10 Letter") which attempted to coerce Plaintiff into paying the alleged debt. (A true and correct copy of the 7/24/10 Letter is attached hereto as **Exhibit "A"** and is incorporated herein.

13. At all pertinent times hereto, the 7/24/10 Letter was the only written communication regarding Acct#: 1675293 received by Plaintiff from Defendant.

14. The FDCPA requires a debt collector to notify the consumer within five (5) days after the initial communication in connection with the collection of any

debt (unless the following information was contained in the initial communication) a written notice containing the following information:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) ***a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be***

> ***mailed to the consumer by the debt collector; and***
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g (***emphasis added***)

15. In violation of section 1692g(a) of the FDCPA, the 7/24/10 Letter did not advise Plaintiff of her rights to notify the debt collector in writing within the thirty-day period that if she disputed the debt, or any portion thereof, ACC would obtain verification of the debt or a copy of a judgment against her and a copy of such verification or judgment would be mailed to her by ACC.

16. ACC failed to provide the statutorily required notice within five (5) days of the initial communication with Plaintiff in violation of Section 1692g of the

FDCPA.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of ACC as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. ACC knew or should have known that the Letter and Calls violated the FDCPA. ACC could have taken the steps necessary to bring the Letter within compliance with the FDCPA, but neglected to do so and failed to adequately review the Letter or monitor the calls to ensure compliance with said laws.

20. As a result of ACC's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, out-of pocket expenses, physical, emotional and

mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.
## JOAN PORT
## v.
## AMERICAN CREDIT & COLLECTIONS, LLC, D/B/A ACC D/B/A ACC, LLC

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collectors" as defined by section 1692a(6) of the FDCPA.

23. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

24. The 7/24/10 Letter is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

25. ACC violated the FDCPA. ACC's violations include, but may not limited to, violations of 15 U.S.C. §1692g by failing to notify the Plaintiff that she had a right to dispute the validity of the alleged debt, or any

portion thereof and that Defendant would provide verification of the alleged debt if the Plaintiff disputed the validity of the alleged debt or any portion thereof and/or requested verification of the alleged debt as required by section 1692g of the FDCPA.

**WHEREFORE,** Plaintiff demands judgment against Defendants for:

    (a) Damages;

    (b) Attorney's fees and costs;

    (c) Such other and further relief as the Court shall deem just and proper.

### V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

/S/PATRICK WALSH
PATRICK WALSH, ESQUIRE(PA 87931)
**KELLEY & POLISHAN, LLC**
259 S. KEYSER AVE.
OLD FORGE, PA 18518
PHONE: (570) 562-4520
FAX: (570) 562-4531
Email: pwalsh@kelleypolishanlaw.com
**ATTORNEY FOR PLAINTIFF**
**JOAN PORT**